## No. 10,910.

### BERNARD KLOTZ VS. CHARLES MACREADY ET AL.

The purchaser can compel the vendor to comply with his obligation expressed in the act of sale to cancel the mortgage appearing of record against the property he sells.

The purchaser choosing to allow the mortgage to remain, and the promise to cancel to continue uncomplied with, his creditor, who has a mortgage on the property and has caused it to be seized, can recover judgment to clear the title of encumbrances, and to enforce the cancellation as required by the terms of the sale.

The proceeding is proper, and arises, *ex necessitate rei*, in the absence of any law to the contrary.

The agreement which plaintiffs seek to have carried into effect gives rise to a real right which can be enforced by the creditor.

It is not an obligation strictly personal, which none but the obligees can enforce, but a right of property which can be exercised by those who have a right of mortgage on the property.

APPEAL from the Civil District Court for the Parish of Orleans.
*Ellis, J.*

*H. C. Cage, Lewis Guion* and *W. S. Benedict* for W. S. Benedict, Appellant.

*Thomas J. Semmes* for Succession of Margaret, Appellee.

A creditor may exercise the rights of his debtor, when such debtor fails to ex. ercise them to the prejudice of his creditor.  Gaines' case, 131 U. S. 213; 43 Dalloz, 239; Articles 932-935; Hayden vs. Nutt, 4 An. 65; 25 Demolombe, No. 49; Suc. of Baum, 11 Rob. 321.

2. When a right exists the court will, in the absence of any specific remedy, supply one.  Fortier vs. Slidell, 7 Rob. 393; Morris vs. Cain, 35 An. 760.

*Bayne & Denégre* for Mortgage Creditor, Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J.  The defendants having obtained a judgment against the plaintiff for the sum of $31,341.65 with interest, subject to a remittitur of $624.42, and the sheriff in enforcing it having seized certain parcels of land, with the buildings and improvements thereon, Bernard Klotz & Co., a corporation limited, sued out an injunction restraining that officer and the defendants from proceeding further to dispose of the machinery and contents of a factory placed thereon by them while lessees.

The injunction was maintained, except as to machinery and certain implements stated in the judgment, which were not placed on the said land by the lessees.

The evidence maintains the correctness of that judgment.

It is affirmed.

The defendants, Charles Macready et al, in the proceedings before us, sued William S. Benedict, Bernard Klotz and Lee Clark, and aver that their judgment has been duly recorded.

That in an act of sale dated the 9th of January, 1889, the price for which the property was sold to Bernard Klotz, by W. S. Benedict, was $50,000, of which $10,000 was paid in cash, and the remainder was to be paid in notes of $1000 each.  Nine of these notes have been paid.  The mortgage securing them has not been canceled.

They further aver that there was a note of $10,000, secured by mortgage on the property at the time of the sale, which the vendor (Benedict) to Klotz promised to have canceled.  It was his indebt-

edness, and an encumbrance on the property which he promised to cancel.

This note was held by Lee Clark. Macready et al., in their suit, claim the right to have the amount of the vendor's mortgage ascertained and fixed, and to compel W. S. Benedict to extinguish the note for $10,000 and cancel the mortgage on the property under seizure. The defendants have filed separate answers. Prior to answering, Benedict filed the plea of no cause of action.

In his answer he avers that the claim for $10,000 is valid and that a tender of the amount due was made. It was not accepted. The exception and merits were tried together. Klotz, the vendee, denies the right claimed, and Lee Clark in his answer alleges that he is the holder of the note for $10,000, secured by privilege and mortgage, and prays to be paid by preference over all others.

Judgment was rendered in favor of Macready et al. overruling the exception and decreeing that the mortgage in favor of W. S. Benedict, resulting from the acts of sale by him to Bernard Klotz, dated January 9, 1888, be reduced to the extent of $9000, being the nine notes paid of $1000 each.

He was also condemned to pay to Lee Clark the amount of the two notes and interest and other charges secured by privilege and mortgage on the property as before mentioned.

Benedict and Klotz appeal.

The facts needful to the decision of the case are sufficiently set forth by the statement that the amounts are due and secured as alleged, and that it is declared in the act of sale of January 9, 1889, that Benedict, the vendor to Klotz, promises to cancel the mortgage for $10,000 resting on the property he sold.

It is not alleged, nor was it contended in argument, that there are any equities between Klotz and Benedict.

Having sold the property and promised to cancel existing encumbrances, there can be no question as to the right of the purchaser to require compliance.

The agreement made was certain, fair and just.

It can not be renounced to the detriment of the interest of his creditors, whose claims are secured by mortgage on the property.

Having a right which he does not choose to enforce, the question arises as to whether his creditor, whose claim is secured by mortgage, can compel compliance.

. The Civil Code does not in express terms authorize creditors to exercise all the rights and actions of their debtors.

This court has not heretofore decided that only such rights and actions of creditors may be exercised as are expressed.

In Morris vs. Cain et al., 30 An. 759, the proceedings were in the nature of a bill of interpleader in chancery practice, not provided in our Code of Practice: " But under Art. 31 C. C., and on general principles this court has often held that the Code of Practice does not exclude all other remedies than those therein provided for, and that the courts will afford other appropriate remedies where not prohibited, and they have repeatedly enforced remedies identical with the one here invoked."

If not maintainable on equitable ground, "there is a principle of the civil law obtainable in Louisiana, by the aid of which there can be no doubt of its being maintainable." N. O. vs. Gaines, 131 U. S. 213. Fortier vs. Slidell, 7 R. 399.

There are rights, says the Code, which the creditor can not exercise even should the debtor refuse to avail himself of them. Art. 1991.

The excepted rights do not include such a right as the one involved in this suit for it is not similar.

The Civil Code expressly reserves to a creditor the right of intervention in all suits which may arise between the usufructuary and the owner. Art. 623.

He may cause to be annulled any renunciation made by his debtor of the usufruct, to his prejudice. Art. 624.

He may accept an inheritance the debtor refuses or neglects to accept. Arts. 1021, 1990 C. C.

Despite the debtor, he may plead prescription his debtor declines to plead, or may choose to waive.

These rights are not exclusive.

The property of the debtor being the common pledge of his creditors.

The obligation being attached to immovable property, being a right of property.

Privity being the " mutual or successful relationship to the same rights of property," it is consistent with the articles referred to to include among the right of creditors that of compelling the vendor of property to his debtor to cancel a mortgage on property mort—

gaged to secure his claim, and which the vendor promised and ob-
ligated himself to cancel—instead of classing it as a strictly personal
obligation, when it is not.

It is not a right of the debtor, which the creditors can not exercise,
such as requiring the separation of property between husband and
wife, or compelling him to accept a donation *inter vivos*, etc.   C.
C. 1991.

It is not alleged, nor is it claimed, by Benedict and Klotz that specific
performance is an issue involved in this case, to which they object.

The defence is a denial of any right of the debtor Klotz against
Benedict, the creditor of Klotz, can have enforced, in other words,
they contend that a creditor can not exercise the rights of his debtor
when the latter (to the detriment of the former's interest) fails to
exercise them.   That being the defence, to that extent we decide the
issues, and hold that it is not a strictly personal obligation, but one
the creditor can exercise.

A question of tender of an amount to take up the $10,000 note,
secured by the mortgage which the vendor promised to cancel, comes
up as one of the issues.

The tender was made in the name of a third person, not shown
to have had an interest.

The tender was made to the attorney of Lee Clark.

A question arose between the attorney and the party making the
tender about distinguishing the payment from a sale or transfer.

The attorney was without authority to transfer the note and merely
change the creditor.

It was a matter of payment *vel non*.

Payment consists in the discharge of an obligation.

The attorney of the holder could, before accepting the amount,
insist upon payment.

Judgment affirmed at appellant's costs.