No. 13,265.

CHARLES D. LLOYD VS. F. O. HAMILTON.

52 861
105 515

SYLLABUS.

The homestead and exemption provisions of the Constitution of 1898 took effect,
according to the terms of Article 247 and of Article 325, paragraph 8, upon
January 1, 1899, and were not intended to operate retroactively, and as of
the date of the adoption of the Constitution.

APPEAL from the Third Justice Court, Parish of East Feliciana—
Austin, J.

Robert C. Wickliffe for Plaintiff, Appellee.

Samuel McC. Lawrason for Defendant, Appellant.

The opinion of the court was delivered by
MONROE, J. This case comes before us on the following statement
of facts, agreed on by counsel, to-wit:

"F. O. Hamilton, defendant in injunction, on the 18th day of April,
"1899, obtained a judgment against C. D. Lloyd, plaintiff in injunc-
"tion, on a promissory note for $78.19, dated December 3, 1898, and
"payable one day after date. Execution issued on said judgment on
"the 21st day of April, 1899, and the constable of the Third Ward
"seized one horse, the property of C. D. Lloyd, plaintiff in injunction.
"The said C. D. Lloyd sued out an injunction against the sale of the
"horse, and for damages, claiming exemption from seizure of said
"horse under the Homestead Law, Arts. 244 et seq. of the Constitution
"of 1898, and praying for the release of said horse, * * * C. D.
"Lloyd, the plaintiff in injunction, is the head of a family and a per-
"son having a wife and children dependent on him for support, and is
"fully entitled to all the privileges of the Homestead Law of 1898, if
"in force against said judgment. The horse seized was a work horse,
"and his only property. The wife of C. D. Lloyd owns no property."

The Justice of the Peace maintained the injunction against the
seizure of the horse, and the defendant in injunction, appealed directly
to this court, under the provisions of Article 85 of the Constitution of
1898, which confer appellate jurisdiction upon the Supreme Court in

"suits involving Homestead exemptions." Upon the facts stated, the horse seized is exempt under Article 244 of the present Constitution, *quoàd* all claims arising after January 1, 1899, when that article went into effect.

And the only question to be determined is, whether it is exempt, *quoad* the claim of the seizing creditor, which came into existence in December, 1898, and was reduced to judgment in April, 1899.

The learned counsel for the plaintiff makes the following statements in his brief:

"At first blush, our contention may seem to have little merit, as it " appears to be one of those cases where the debt was contracted before " the Homestead law went into effect, and therefore, must either be " collectible against homestead property, or else impair the obligation " of a contract. * * * The law upon which we rely, for the affirm-" ation of the judgment of the lower court, is drawn, by inference, " from the first paragraph of Article 245 of the Constitution of 1898: " 'Rights to Homestead or exemptions under laws, or contracts, *or* " *obligations existing at the time of the adoption of this Constitution,* " shall not be impaired, repealed or affected by any provision of this " Constitution or any laws passed in pursuance thereof.' "

It is argued from this that, inasmuch as the Constitution was adopted as of date May 12, 1898, the debt in question fell under the dominion of the Homestead exemptions contained in Article 244, because it was not contracted until December, 1898; and this, notwithstanding the fact that, by the terms of Article 247, the provisions in the Constitution concerning Homestead exemptions were not to take effect until January 1, 1899; the position of the counsel being, that the language of Article 245, which has been quoted, was a notice to the public that the homestead provisions, when they did take effect, would operate retroactively to May 12, 1898, the date of the adoption of the Constitution.

We find ourselves unable to concur in this view of the matter. The consensus of opinion among all writers and jurists is that no construction of law, whether constitutional or statutory, whereby it is given a retroactive effect, should be adopted, unless the language used, in plain, unambiguous, and unmistakable terms, requires such construction. As to the constitutional provisions which are invoked, there is another construction than that suggested, which seems to us, not only permissible, but imperative.

Lloyd vs. Hamilton.

True it is, that the Constitution, as a whole, was adopted May 12, 1898, but the language of Article 247 is: "The articles of this Constitution, relating to homesteads and exemption, shall take effect on January 1, 1899", which was tantamount to saying that, *quoad* the articles thus referred to, the Constitution should be considered as adopted January 1, 1899.

The members of the convention which adopted the Constitution knew that their labors ended upon the twelfth of May. They also knew that the homestead and exemption provisions of the instrument which they had framed differed from those contained in the Constitution of 1879, in the important particular, without inquiring further, that outside the parish of Orleans it would no longer be necessary to register a homestead right in order to enjoy it, but that it would nevertheless be competent to waive such right by obtaining the consent of the wife, and registering the waiver. This change, it might have been presumed, would, in some, perhaps in many, instances involve a readjustment of business relations, and result in inconvenience or injustice if given effect without due warning; and hence it was specifically provided that it should not take effect until January 1, 1899. And this provision harmonizes with the schedule of the Constitution, Article 326, par. 8, which reads:

"This Constitution, adopted by the people of Louisiana, in convention assembled, shall be in full force and effect from and after this 12th day of May, 1898, save and except, as otherwise provided in this Constitution."

Under these circumstances, and since the makers of the fundamental law have declared, in terms, that the provisions here relied on should take effect upon the date mentioned, we have no authority for holding that it should take effect, retroactively, seven months earlier.

The fact that the judgment was obtained after January 1, 1899, upon a debt created before that date does not affect the question. That remedy was part of the right, unless it can be shown that some other adequate remedy has been provided.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be judgment in favor of F. O. Hamilton, defendant in injunction, and against C. D. Lloyd, plaintiff in injunction, dissolving said injunction and rejecting the demand of said plaintiff at his cost.