## In re BONVILLAIN.

(District Court, E. D. Louisiana. April 5, 1916.)

### No. 2054.

1. BANKRUPTCY ⊕⟹400(1)—POWERS OF TRUSTEE—EXEMPTIONS.

While a trustee in bankruptcy cannot arbitrarily refuse to set aside an exemption to which the bankrupt is entitled, he has discretion, and represents all the creditors, and may in a proper case himself raise the question of the bankrupt's right to a claimed exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 671, 673; Dec. Dig. ⊕⟹400(1).]

2. BANKRUPTCY ⊕⟹143(12)—PROPERTY PASSING TO TRUSTEE—LIFE INSURANCE POLICY.

Life insurance policies, originally payable to the insured or his estate, but later assigned to his wife, with full reservation of right to change the beneficiary at will, and which had cash surrender values at the time of the bankruptcy of the insured, pass to the trustee, unless exempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 201; Dec. Dig. ⊕⟹143(12).]

3. EXEMPTIONS ⊕⟹50(1)—STATUTE—RETROACTIVE OPERATION.

Act La. No. 189 of 1914, exempting the proceeds of life insurance policies from execution for debts, could not constitutionally be given retroactive effect, so as to exempt life insurance policies which could have been seized by creditors whose claims originate prior to the enactment of that statute.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 75; Dec. Dig. ⊕⟹50(1).]

4. BANKRUPTCY ⊕⟹143(12) — EXEMPTIONS ⊕⟹50(1) — PROPERTY PASSING TO TRUSTEE—LIFE INSURANCE POLICY.

Prior to the enactment of Act La. No. 189 of 1914, exempting the proceeds of policies on the life of a bankrupt of which his wife was bene-

ficiary, one which gave the insured the power to change the beneficiary, and which had a cash surrender value, could, under Civ. Code La. art. 3183, making all the property of a debtor the common pledge of his creditors, and Code Prac. La. art. 647, providing that an incorporeal right might be seized under execution, be seized under execution, and therefore passed to the trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 201; Dec. Dig. ☞143(12); Exemptions, Cent. Dig. § 75; Dec. Dig. ☞50(1).]

In Bankruptcy. In the matter of Arthur A. Bonvillain, bankrupt. On an application by the bankrupt for a review of an order of the referee declining to set aside as exempt certain policies on the life of the bankrupt surrendered by him to the trustee. Order affirmed.

Borah, Himel & Bloch, of Franklin, La., for bankrupt.

FOSTER, District Judge. In this matter the bankrupt surrendered certain policies of life insurance, but claimed them as exempt by virtue of Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 (Comp. St. 1913, § 9590), and the law of Louisiana (Act 189, adopted July 9, 1914). The trustee declined to set aside the policies as exempt, and the bankrupt applied to the referee for an order to compel him to do so. The referee, however, approved the action of the trustee, on the ground that Act 189 of 1914 is unconstitutional with regard to debts existing before its passage, and therefore without application to the said policies. It is this order that is asked to be reviewed.

[1] The bankrupt contends that the trustee is without discretion, and is obliged to set aside and make a report of all property claimed as exempt, leaving it to the creditors to except to the report, if so minded, and hence that the trustee should be ordered to allow the exception. This is entirely too technical a view to take of the matter. The trustee could not arbitrarily refuse to set aside property to which the bankrupt was clearly entitled by law; but he represents all of the creditors, and is vested with some discretion. In a proper case questions regarding the bankrupt's right to exemptions may as well be raised by the trustee as by the creditor, and it is immaterial how this is done, provided all parties have their day in court.

[2] There is no dispute as to the facts. Bonvillain was adjudicated a bankrupt on July 28, 1915. He scheduled unsecured debts amounting to over $47,000 and no assets, except the policies in question, which at the date of the adjudication had net cash surrender values of about $4,000. All of the debts scheduled had matured before the passage of Act 189 of 1914. The policies had all been in existence at least 15 years. They were originally payable to Bonvillain, the insured, or his estate, but some years before bankruptcy had been assigned by him to his wife, with full reservation of his right to change the beneficiary at will. Undoubtedly the policies are such as would pass to the trustee, unless exempt. In re Herr (D. C.) 182 Fed. 716; In re Jamison Bros. (D. C.) 222 Fed. 93; In re Shoemaker (D. C.) 225 Fed. 330; Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. Ed. 771.

[3] And while it may be conceded Act 189 of 1914 is valid, and not in conflict with either the state or federal Constitutions (Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018), it could not

be, and was not intended to be, retroactive. Therefore, if the ordinary creditors could have looked to the policies for the payment of their debts, the act would have no effect as to them. Louisiana Constitutions, 1898 and 1913, art. 245; Lloyd v. Hamilton, 52 La. Ann. 861, 27 South. 275; Blouin v. Ledet, 109 La. 711, 33 South. 741; Taylor v. Saloy, 38 La. Ann. 65; Martin v. Kirkpatrick, 30 La. Ann. 1214; Sturges v. Crowninshield, 4 Wheat. 122, 4 L. Ed. 529; Gunn v. Barry, 15 Wall. 610, 21 L. Ed. 212; Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793.

[4] Could the creditors of the bankrupt have realized on these particular policies by execution or otherwise. The solution of the question depends on the law of Louisiana. Nichol v. Levy, 5 Wall. 433, 18 L. Ed. 596. There are no Louisiana decisions directly in point, and very few from other jurisdictions. Policies of life insurance are, however, by the modern jurisprudence, treated as property, though of a peculiar kind, and as choses in action, which, though not subject to execution at common law and in the absence of a statute, may be reached in equity by creditors. Kratzenstein v. Lehman, 18 Misc. Rep. 590, 42 N. Y. Supp. 237; Rice v. Smith, 72 Miss. 42, 16 South. 417; Biggert v. Straub, 193 Mass. 77, 78 N. E. 770, 118 Am. St. Rep. 449; Heilbron's Estate, 14 Wash. 536, 45 Pac. 153, 35 L. R. A. 602; Skinner v. Holt, 9 S. D. 427, 69 N. W. 595, 62 Am. St. Rep. 878; Burlingham v. Crouse, 228 U. S. 459, 33 Sup. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148.

With regard to the policies herein claimed it will be noted they are at present payable to the wife. By an unbroken line of decisions in Louisiana it is settled that an ordinary policy of life insurance payable to the wife is her separate property, not subject to the community debts, and unassignable without her consent. See Succession of Emonot, 109 La. at page 365, 33 South. 368. But the Supreme Court of Louisiana also recognizes the general rule that a policy is a chose in action and assignable (Lake v. New York Life Ins. Co., 120 La. 974, 45 South. 959), and that, where the husband reserves the right to change the beneficiary at will, the wife has no vested interest in the policy, and may be disregarded, and the policy assigned without her consent (Alba v. Provident Savings Life Ins. Co., 118 La. 1021, 43 South. 663).

Under the law of Louisiana all the property of a debtor is the common pledge of his creditors (Civil Code, art. 3183), and an incorporeal right may be seized under execution (Code of Practice, art. 647). In this instance the bankrupt's rights in the policies are somewhat clouded by his designation of his wife as beneficiary, and in order to realize the cash surrender value he would be compelled to change the designation. There are certain rights of a debtor his creditors cannot avail themselves of. Civil Code, arts. 1991 and 1992. But there is nothing in the law of Louisiana preventing the seizure of the cash surrender value of a life insurance policy: Where there is nothing specific in the law exempting them, a debtor cannot refuse to exercise his rights for the benefit of his creditors. Articles such as Civil Code, arts. 1991 and 1992, are considered exceptions to the general rule, to be strictly construed, and not extended by implication.

This doctrine is clearly enunciated by the Supreme Court of Louisiana. In Klotz v. Macready, 44 La. Ann. 169, 10 South. 706, a debtor was compelled to remove a cloud on his title to real estate for the benefit of a creditor who had no right of action in himself. In Belcher & Creswell v. Johnson, 114 La. 640, 38 South. 481, where the debtor had the right to set aside a sale for lesion beyond moiety, he was compelled to exercise the right for the benefit of his creditors. In Fay & Egan Co. v. Ouachita Excelsior Saw & Planing Mills, 50 La. Ann. 207, 23 South. 312, the seizure of an indefinite interest in a continuing contract was maintained, and the final disposition of the garnishment held in abeyance, to await the termination of the contract. There are other cases to the same effect. See authorities cited in the above cases.

In the light of these decisions and the general policy of the civil law, it is clear that the creditors of this bankrupt might well have looked to the policies herein surrendered for payment of their debts, and therefore they are not exempt under Act 189 of 1914.

The decision of the referee was right, and it will be affirmed.