In re ROSENBERG–OLDSTEIN CO. et al.

(District Court, E. D. Louisiana. June 26, 1916.)

No. 2093.

BANKRUPTCY ⬯396(3)—EXEMPTIONS—LIFE INSURANCE POLICIES.
    Under Act La. July 9, 1914 (Act No. 189 of 1914), a policy of insurance on the life of a bankrupt is exempt, where at the time of the passage of the act the policy had no cash surrender value, and the debts scheduled were also incurred thereafter, so that at no time the creditors have the right to resort to the policy for payment.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⬯396(3).]

In Bankruptcy. In the matter of the Rosenberg-Oldstein Company and others, bankrupts. On review of decision of referee. Reversed.

Edgar M. Cahn, of New Orleans, La., for bankrupts.
Benjamin Y. Wolf, of New Orleans, La., for trustee.

FOSTER, District Judge. In this case one of the bankrupts, Jonas Oldstein, claimed a certain insurance policy as exempt under the Lou-

isiana statute (Act No. 189 of 1914). The policy was issued January 1, 1913, and had cash surrender and loan values after the payment of three annual premiums, which would not be earlier than January 1, 1915. The Louisiana exemption act was adopted July 9, 1914, nearly six months before the policy was available as an asset. The bankrupt was so adjudicated December 13, 1915, at which date the cash value of the policy had accrued. The referee found the facts in this case to be identical with those in Matter of Bonvillain, 232 Fed. 370, recently decided by this court, and on the authority of that case, considering that the condition of the policy at the date of adjudication governed, ruled against the exemption.

However, it is evident from the Bonvillain Case that the test of exemption is not whether the policy had a cash surrender value at the moment of adjudication, but whether the debts scheduled and the cash surrender value both antedated the exemption act. As to the debts that did not come into existence before its passage, the exemption act is valid. And creditors cannot complain as to its exemption, if the policy was not property to which they might have looked for payment prior to the change in the law.

The order of the referee will be reversed, and the trustee directed to surrender the policy to the bankrupt.