In re BEACH.

No. 52983.

District Court, D. Massachusetts.
Nov. 20, 1934.

Louis L. G. deRochemont, of Boston, Mass., for bankrupt.

Elliott K. Slade, of Boston, Mass., trustee in bankruptcy.

McLELLAN, District Judge.

The question here presented is whether the agreed surrender value of an insurance policy issued to the bankrupt in which his minor children are named as beneficiaries belongs, under the circumstances hereinafter stated, to the bankrupt's estate. This depends upon a consideration of two Massachusetts statutes, which are appended hereto.

The act of 1928 (chapter 176) provides in substance, so far as applicable to the present problem, that a person having the requisite insurable interest, who is named as beneficiary in a policy on the life of another, is entitled to the proceeds of the policy as against the creditors of the insured. The act provides also that it "shall not apply to claims of creditors * * * which arise out of or are based upon any obligation created before the act takes effect." While this last-mentioned provision does not appear in the General Laws (Ter. Ed.), it still exists.

Prior to the effective date of this legislation, there were some creditors of the bankrupt who remain unpaid. They had claims which are unsatisfied, but they had no claims to this policy. After the passage of the act, and on January 28, 1929, the policy on the bankrupt's life, in which his minor children were named as beneficiaries, was issued. The right to change the beneficiaries was reserved to the bankrupt.

In 1933 (chapter 42) the act was amended by the addition of another section, providing that it should apply to policies issued before July 2, 1928, as well as to those issued after that date.

The pertinent provisions of the Bankruptcy Act are appended hereto. They provide in part that bankrupts are entitled to the exemptions which are prescribed by the state laws.

■ "The statute does not exempt the bankrupt if he exercises his reserved power to change the beneficiary for his personal advantage, and, indeed, precludes an exemption in such case by saying that the 'beneficiary * * * other than the insured [or his legal representatives]' shall be entitled to the proceeds." It exempts the proceeds, so far as beneficiaries other than the bankrupt may have an interest in the policy, and it constitutes an exemption to the bankrupt so far as the right of the trustee to compel him to exercise his right to change the beneficiary is concerned. "While the benefit enures directly to the beneficiary, and not to the bankrupt, yet it is an exemption of the bankrupt himself to the extent indicated." In re Messinger (C. C. A.) 29 F.(2d) 158, 160, 68 A. L. R. 1205. It is to be treated as an exemption statute, so far as the right of the trustee to compel the bankrupt to turn over the agreed cash surrender value of the policy is concerned. In re Messinger, supra; In re Weick (C. C. A.) 2 F.(2d) 647; Ralph v. Cox (C. C. A.) 1 F.(2d) 435; In re Lang (D. C.) 20 F.(2d) 236, affirmed in Dussoulas v. Lang (C. C. A.) 24 F.(2d) 254.

■ The difficult question is whether the exemption statute applies as against creditors whose claims arose prior to the passage of the act, where the policy was issued after the effective date thereof. If one were to adopt a literal construction of the act, he might conclude that it had no application so far as the rights of antecedent creditors are concerned. But even a rather strict construction does not require this. The word "claims," as used in the statute, may well mean claims to which a policy or its proceeds, but for the statute, would be subject. It seems that the Legislature had in mind the fact that it could not constitutionally provide as against existing creditors that the exemption should apply to policies issued before it was passed. In the instant case, the policy was not in existence, and so was not subject to the claims of creditors at the time of the passage of the act. I see no constitutional objection to legislation which exempts from the claims of existing creditors the right to reach a policy of insurance of the character here involved which was not in existence when the act took effect. This apparently was the court's view in Re Rosenberg-Oldstein Company et al. (D. C.) 236 F. 812, 813, 37 A. B. R. 669, where it is said: "The test of exemption [of a life insurance policy] is not whether the policy had a cash surrender value at the moment of adjudication, but whether the debts scheduled and the cash surrender value both antedated the exemption act. As to the debts that did not come into existence before its passage, the exemption act is valid. And

creditors cannot complain as to its exemption, if the policy was not property to which they might have looked for payment prior to the change in the law."

See, also, Helm v. Pridgen, 1 White & W. Civ. Cas. Ct. App. § 643.

While the matter is not free from doubt, the reasonable interpretation of the statute, in the light of the 1933 amendment, is that it was the intention of the Legislature to make the act applicable to all policies of insurance of the type referred to, where such application involved no invasion of the constitutional rights of creditors. Accordingly, policies issued after the effective date of the statute come within its spirit, and in the sense heretofore stated are exempt.

The trustee's petition for an order directing the bankrupt to turn over the surrender value of the policy was carefully and ably considered by the referee. The dismissal of the petition was right, and it is affirmed.

Acts of 1928 of the Commonwealth of Massachusetts, chapter 176:

Section 1. If a policy of life or endowment insurance is effected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same, whether or not the right to change the named beneficiary is reserved by or permitted to such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy. * * * No court, and no trustee or assignee for the benefit of creditors, shall elect for the person effecting such insurance to exercise such right to change the named beneficiary. * * *

Section 3. This act shall not apply to claims of creditors of any person effecting any life or endowment insurance which arise out of or are based upon any obligation created before this act takes effect. (Now General Laws [Ter. Ed.] c. 175, § 125).

Acts of 1933 of the Commonwealth of Massachusetts, chapter 42:

Chapter one hundred and seventy-six of the acts of nineteen hundred and twenty-eight is hereby amended by adding at the end thereof the following new section:—

Section 4. This act shall apply to policies of life or endowment insurance issued or delivered in the commonwealth on or before July second, nineteen hundred and twenty-eight, as well as to those so issued or delivered after said date.

Approved February 24, 1933.

Bankruptcy Act, § 70a (11 USCA § 110 (a):

The trustee of the estate of a bankrupt, upon his appointment and qualification * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets. * * *

Bankruptcy Act, § 6 (11 USCA § 24):

This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition.