### In re GORDON.
#### No. 28578.

District Court, E. D. New York.

Nov. 24, 1936.

James G. Moore, of New York City (Albert H. Ruppar, of New York City, of counsel), for trustee in bankruptcy.

John R. Vunk, of Patchogue, L. I., N. Y., for bankrupt.

MOSCOWITZ, District Judge.

This is a hearing on a petition to review the order of the referee herein, dated October 17, 1936, directing the bankrupt to turn over to the trustee herein four insurance policies upon the life of the bankrupt which provided for beneficiaries other than the bankrupt, his assigns or estate. Three of the policies in question were issued prior to March 31, 1927, the effective date of section 55-a of the New York State Insurance Law (Consol. Laws, c. 28), as added by Laws 1927, c. 468, § 1, with the right to change the beneficiaries reserved in the insured; the remaining policy was issued by the New York Life Insurance Company approximately three years after the enactment of this statute.

Section 55-a exempts the proceeds and avails of policies from the claims of creditors in the following language: "If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee, thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not

the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."

The referee determined that the bankrupt was indebted to a creditor herein prior to the enactment of the aforesaid statute and in support of the order made relied upon In re Messinger, 29 F.(2d) 158, 161, 68 A.L.R. 1205 (C.C.A.2) wherein the court stated:

"Section 55-a of the state Insurance Law took effect March 31, 1927. It is unlikely that there were not creditors existing at that time, seeing that bankruptcy followed so soon after. To the creditors whose claims arose prior to the passage of the law, it would not apply. Not only is a retroactive statute which disturbs existing rights unlikely to have been intended, but a state law which deprives existing creditors of their rights to resort to property for payment of their claims would impair the obligation of contracts, and contravene section 10, article 1 of the Federal Constitution. Bank of Minden v. Clement, 256 U.S. 126, 41 S.Ct. 408, 65 L.Ed. 857; Edwards v. Kearzey, 96 U.S. 595, 24 L.Ed. 793; Gunn v. Barry, 15 Wall. 610, 21 L.Ed. 212.

"In fear of such a result, the Pennsylvania act of 1923 [40 P.S.Pa. § 517] exempting the avails of policies was specifically limited to cases where the claims of creditors arose after the enactment of the statute. In re Lang (D.C.) 20 F.(2d) [236] at page 238. Section 55a should be construed so as not to operate retroactively, and to affect only such claims as arose after March 31, 1927. In re Bonvillain (D.C.) 232 F. 370; In re Heilbron's Estate, 14 Wash. 536, 45 P. 153, 35 L.R.A. 602; Lewellyn v. Frick, 268 U.S. [238] at page 252, 45 S.Ct. 487, 69 L.Ed. 934; Shwab v. Doyle, 258 U.S. [529] at page 534, 42 S.Ct. 391, 66 L.Ed. 747, 26 A.L.R. 1454."

In view of the language quoted from the cited case, there cannot be any doubt of the legal propriety of the referee's disposition herein quoad the policies issued before the enactment of section 55-a of the Insurance Law. The only serious objection to the disposition in this respect relates to the referee's finding that the bankrupt was indebted to Patchogue Citizens Bank & Trust Company, a creditor herein, prior to the effective date of the statute. In this connection the issue presented before the referee was whether a note executed by the bankrupt in favor of this creditor after the statute took effect, was intended as an extinguishment of the bankrupt's obligations under notes concededly executed before the enactment of the statute. The trustee urged and submitted evidence in support of the contention that the new note was intended to serve merely as a renewal of those previously executed by the bankrupt and it was not the bank's intention to discharge the pre-existing obligations thereunder. To this latter view the referee subscribed and his finding thereon will not be disturbed. There was a sharp conflict of evidence upon the question of fact presented, and it is the policy of the courts to accept the referee's findings in such instance unless there is manifest error. In re C. J. McDonald & Sons (D.C.) 178 F. 487, affirmed Bank of Marion v. Norwood (C.C.A.) 184 F. 986; In re Pipe Railing Const. Co., Inc. (D.C.) 6 F.Supp. 771; cf. General Order 47 in Bankruptcy (11 U.S.C.A. following section 53). The referee saw and heard the witnesses, his findings of fact are supported by the evidence, and there is no error in the finding upon the issue above referred to.

The bankrupt, however, is correct in the contention that the referee erred in his direction for the turnover of the policy issued subsequent to the enactment of section 55-a. There is no constitutional objection, as intimated by the referee in his report, to legislation which exempts from the claims of existing creditors the right to reach a policy of insurance of this character which was not in existence when the act took effect. This was the holding in Re Beach (D.C.) 8 F. Supp. 910, and neither reason nor authority compels a contrary view here. Apparently, too, this was the court's view in

Re Rosenberg-Oldstein Company et al. (D.C.) 236 F. 812, 813, where it is stated: " * * * the test of exemption is not whether the policy had a cash surrender value at the moment of adjudication, but whether the debts scheduled and the cash surrender value both antedated the exemption act. As to the debts that did not come into existence before its passage, the exemption act is valid. And creditors cannot complain as to its exemption, if the policy was not property to which they might have looked for payment prior to the change in the law."

The view thus adopted does not contravene the pronouncement in Re Wark (D.C.) 14 F.Supp. 915. There, it was only held that the bankrupt's act of changing the beneficiary under the policies involved could not serve to prejudice nor disturb the rights of creditors whose claims existed prior to the date the statute took effect.

An order may accordingly be entered hereon confirming the order of the referee in so far as it relates to those policies involved herein issued prior to March 31, 1927, and modifying the same by striking therefrom the direction for the turnover of the policy of the New York Life Insurance Company issued subsequent to the said date.

Settle order on notice.