## In re CRAYTON.
### No. 16390.

District Court, W. D. New York.
Feb. 25, 1932.

■■■

Rann, Vaughan, Brown & Sturtevant, of Buffalo, N. Y., for creditor G. Nelson Toor.

Joseph H. Engel, of Rochester, N. Y., for bankrupt. .

KNIGHT, District Judge.

In April, 1922, the bankrupt and his wife acquired title to certain farm property in the town of Sodus, N. Y., and assumed and agreed to pay a certain mortgage thereon held, by G. Nelson Toor. The bankrupt and his wife and Toor entered into an agreement whereby the said mortgage was extended for a period of ten years. The mortgagor failed to pay the interest which fell due on April 1, 1930, and the mortgage was foreclosed; a deficiency judgment being rendered against the mortgagor on October 1, 1930, in the amount of $2,885.45. On the 16th day of October, 1930, Crayton filed a petition in bankruptcy and was adjudged a bankrupt. The bankrupt's sole assets were household goods and personal effects of the value of $250 and two insurance policies in favor of his wife amounting to $3,000 and having a cash surrender value of $378, all of which the bankrupt claimed to be exempt.

■ The question presented on this review is whether or not the trustee, in order to satisfy the claim of a creditor herein, viz. G. Nelson Toor, has any interest in the cash surrender values of two certain life insurance policies on the life of the bankrupt by reason of the fact that the said creditor's claim against the bankrupt was in existence prior to the effective date of section 55-a of the Insurance Law of the state of New York (Consol. Laws, c. 28); there being no other assets in the bankrupt's estate.

Under section 55-a of the Insurance Law of New York, which was passed in 1927 and was in effect at the time of the filing of the petition by the debtor herein, insurance policies on the life of the debtor payable to another, whether or not the right to change the beneficiary was reserved, were made exempt from forfeiture to the trustee under the insolvency laws.

The creditor contends that since the contract, to wit, the mortgage agreement, was entered into in 1922, and section 55-a of the Insurance Law was not passed until 1927, the debtor's exemption must be restricted to those allowed by the law in effect in 1922, which provided that, where the debtor by the terms of the policy reserved the right to change the beneficiary of the policy, the cash surrender value passed to the trustee as part of the assets of the estate on his filing a petition in bankruptcy. The claim is that any other ruling would constitute an impairment of the obligation of a contract in violation of article 1, § 10, of the Constitution of the United States. This section of the Constitution provides that "no State shall * * * pass any * * * Law impairing the Obligation of Contracts."

Had the creditor's claim been matured when section 55-a was adopted, this court, following In re Messinger (C. C. A.) 29 F. (2d) 158, 161, 68 A. L. R. 1205, Second Circuit, 1928, would be constrained to hold the cash surrender value of the policies in question subject to the debts of the bankrupt. The court there said: "Section 55-a of the state Insurance Law took effect March 31, 1927. * * * To the creditors whose claims arose prior to the passage of the law, it would not apply." Here, however, the liability, if any, was contingent, since there was no certainty that there would be any liability on the bond, inasmuch as the property stood primarily liable for the amount of the mortgage and therefore the claim was not provable at the time when the section of the Insurance Act became effective.

That the court in the above-mentioned case was of the opinion that section 55-a did affect all claims arising subsequent to that time is indicated by the fact that the decision of the District Court was modified "to provide that the trustee in bankruptcy shall be entitled to the cash surrender value of the policies to the extent of the proved claims of creditors * * * which existed on March 31, 1927." (Italics mine.)

Payments on the mortgage, upon which the creditor's claim is based, were timely until the 1st day of April, 1930, and therefore, although there was a contingent liability on the debtor's part, his obligation did not become fixed until that time, and prior thereto the creditor had no provable claim. Contingent liabilities are not in any proper sense debts; they are mere contracts, and do not become debts until the contingencies happen on which demand for payment can be made.

■ Contingent claims cannot be proved under section 63 of the Bankruptcy Act (11 USCA § 103). Dunbar v. Dunbar, 190 U. S. 340, 350, 23 S. Ct. 757, 47 L. Ed. 1(81, 1903; Re Roth & Appel (C. C. A.) 181 F.

667, 31 L. R. A. (N. S.) 270, 1910. "The test as to whether a claim is really contingent or simply unliquidated or unascertained by legal proceedings would seem to be this: Have all the facts necessary to be proved to fasten liability already occurred?" Remington on Bankruptcy, § 775. Applying this test, the creditor had no provable claim prior to the 1st day of April, 1930, against the estate of the debtor.

A parallel to this situation, in that there is no debt until the due date, is found in the case of rent coming due under a lease. "A covenant to pay rent creates no debt until the time stipulated for the payment arrives, and therefore that rent accruing under a lease after the filing of a petition in bankruptcy against the lessee is not provable against his estate as a fixed liability absolutely owing at the time of the filing of the petition. Such a claim we have held to be contingent, and not provable in bankruptcy." In re Mullings Clothing Co. (C. C. A.) 238 F. 58, 68, 1916. See, also, Dunn v. Neustadtl, 72 Misc. Rep. 1, 129 N. Y. S. 161, 1911, in which directors of a club who entered into a lease which was subsequently breached were held not liable for rent accruing subsequent to the end of their terms of office; the breach of the lease having come after that time.

Since there was no provable debt prior to the 1st day of April, 1930, it is difficult to see how the creditor can claim that the law which was in effect prior to 1927 is applicable in this case.

Other cases which have been called to the attention of the court to show that section 55-a is of such a nature as to impair the obligation of the contract herein do not bear precisely on this point because, similarly to the Messinger Case, they relate to debts *due* before the alteration of the statute. In Bank of Minden v. Clement, 256 U. S. 126, 41 S. Ct. 408, 65 L. Ed. 857 (1921), the court said, "So far as the statute of 1914 undertook to exempt the policies and their proceeds from antecedent *debts*, it came into conflict with the federal Constitution." Edwards v. Kearzey, 96 U. S. 595, 607, 24 L. Ed. 793 (1877), was a case involving judgments on contracts which matured before the date when the change of the state law took effect. So, too, in Ochiltree v. Iowa R. R. Contract. Co., 21 Wall. 249, 22 L. Ed. 546, 1874, the plaintiff became a creditor of the corporation prior to the change of the Constitution of

Missouri decreasing stockholder's liability from double the amount paid for his stock to simply the amount paid.

The New York Court of Appeals has held that such statutes were retroactive, and this was on the theory that they applied only to the remedy and did not materially affect the original contract.

The case of Morse v. Goold, 11 N. Y. 281, 62 Am. Dec. 103, decided in 1854, is very similar in its facts to the present situation. There the court passed upon the effect on antecedent contracts of an act passed in 1842, chapter 157, exempting from levy under execution "necessary household furniture and working tools and team * * * not exceeding the value of $150." The court remarked as follows: "There is no universal principle of law, that every part of the property of a debtor is liable to be seized for the payment of a judgment against him. * * * The question is, whether the law which prevailed when the contract was made, has been so far changed that there does not remain a substantial and reasonable mode of enforcing it in the ordinary and regular course of justice."

This case was followed in principle by Edwards v. Kearzey, supra, which held: "The remedy subsisting in a State when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is, therefore, void."

The rule to be adduced from these cases is that a statute such as this is retroactive when the remedy of the claimant has not been substantially affected. Whether in this case the petitioner's remedy is substantially affected, it is not necessary for the court to determine, in view of its opinion that the claim in question had not matured when section 55-a became the law.

Section 6 of the Bankruptcy Act (11 US CA § 24) provides: "This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws *in force at the time of the filing of the petition. * * *"* (Italics ours.)

I conclude that, under the law in force at the time of the filing of the petition herein, the bankrupt was entitled to the exemption provided by section 55-a, supra.