"At this time, defendant gave notice of an appeal which was denied."

Without, therefore, referring to other features of the case, but limiting ourselves to the grounds above discussed, we are of opinion the decree below was rightly entered, and we affirm the same, with costs.

---

### MORGAN v. McCAFFREY et al.

(Circuit Court of Appeals, Fifth Circuit. January 31, 1923.)

No. 3955.

Bankruptcy ⬅︎396(3)—Life policies not exempt.

Under Rev. St. Fla. 1920, § 4977, a bankrupt is not entitled to have life insurance policies, or the cash surrender value thereof, included in what is made exempt from the claims of his creditors, and the right of the bankrupt to a policy is conditioned on his paying to the trustee the cash surrender value thereof.

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Florida; Henry D. Clayton, Judge.

In the matter of Allen L. Morgan, bankrupt, W. T. McCaffrey, trustee. On petition to superintend and revise a decision of the District Court (In re Morgan, 282 Fed. 650), affirming an order of referee refusing to set aside to the bankrupt as exempt certain life insurance policies. Petition denied.

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. W. Cockrell, Jr., Alston Cockrell, and Nathan Cockrell, all of Jacksonville, Fla., for petitioner.

F. J. Heintz, of Jacksonville, Fla. (F. J. Heintz and D. G. Haley, both of Jacksonville, Fla., on the brief), for respondents.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The petitioner, a bankrupt, complains of a ruling against his asserted claim that under the law of Florida, of which state he was a resident, nine existing insurance policies on his life were included in his exemptions, seven of which policies were payable to the bankrupt's wife, and two to his executor, administrators, or assigns. Each of the policies·by its terms had a cash surrender value, and each of them gives the assured the right to change the beneficiary at any time while it is in force.

The claim asserted is based upon section 4977 of the Revised Statutes of Florida of 1920, which reads as follows:

"4977. (3154.) *Disposition of Proceeds.*—Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person or persons for whose use and benefit such insurance is' declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor or creditors: Provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his or her executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament."

We think that the language of the just-quoted statute plainly shows that the only subject intended to be dealt with was the situation arising upon the death of any person leaving insurance on his life. The language used negatives the conclusion that the lawmakers intended that provision to be one in regard to an insured's interest during his lifetime under a ·policy issued to him on his life, or one affecting the right of an insured's creditors during his lifetime to subject to the satisfaction of their demands such an interest of the insured. The words "and the proceeds thereof shall in no case be liable to attachment," etc., cannot properly be so separated from their context as to be made to refer to anything other than the proceeds of a deceased person's insurance on his life. So far as the avails of life insurance policies are concerned, the statute does not purport to create or safeguard any rights, except such as come into existence upon the death of the insured. An intention to exempt or put beyond the reach of an insured's creditors during his lifetime what may be realizable by him from a ·policy on his life is not disclosed.

The statute has been in existence for many years, and has been construed and applied by the Supreme Court of Florida in many cases. So far as we are advised, in no case has there been an intimation that

the statute has the effect of creating an exemption in favor of an insured during his lifetime. In the case of Pace v. Pace, 19 Fla. 438, it was decided that under the statute the only child of a deceased person was entitled to the sum realized from a policy on his life which was made "for the benefit of the estate of the insured," who was adjudged a bankrupt on the 16th of August, 1878, and died on the 29th of the same month. The report of the case does not indicate that the policy there in question had a cash surrender value when the insured was adjudged a bankrupt. The contrary is indicated by the statement in the opinion, "The bankrupt himself here could not during his lifetime claim anything." So far as appears, the assignee in bankruptcy asserted no claim. The sole subject of dispute in the case was the sum paid on a policy after the death of the insured. No question as to the right of the insured or his creditors during his lifetime was raised.

In view of what was involved in that case, it is apparent that the court had no intention of imputing to the statute the effect of creating an exemption in favor of the insured during his lifetime, when it made the statement in the opinion, "The assignee in bankruptcy was not, during the life of the decedent, entitled to the money." The conclusion is that under the law of Florida the bankrupt is not entitled to have the policies mentioned or the cash surrender value thereof included in what is made exempt from the claims of his creditors. A ruling to the same effect was made in the case of D. F. & C. P. Long (D. C.) 282 Fed. 383.

On the facts disclosed the right of the bankrupt to the policies mentioned was conditioned upon his paying to the trustee the cash surrender value thereof. Bankruptcy Act, § 70a (Comp. St. § 9654); Cohen v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143; Malone v. Cohn, 236 Fed. 882, 150 C. C. A. 144.

The ruling complained of was not erroneous. The petition is denied.