In re MESSINGER.

Ex parte RILEY.

Circuit Court of Appeals, Second Circuit. November 19, 1928.

No. 145.

Samuel C. Duberstein, of Brooklyn, N. Y. (Max Schwartz, of New York City, of counsel), for appellant.

Sobel & Brand, of New York City (Samuel Sobel and Martin M. Alpert, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. The bankrupt listed among his assets two insurance policies, payable to his wife as

beneficiary, in each of which he had reserved the right to change the beneficiary. After the trustee in bankruptcy had qualified, he demanded that the policies be turned over to him by the bankrupt, who accordingly surrendered them. Thereafter the bankrupt applied to the referee for an order directing the trustee to return the policies on the ground that the trustee, because of the provisions of section 55a of the Insurance Law of the state of New York (Consol. Laws, c. 28), had no interest in them. The referee directed the return of the policies, his order was thereafter confirmed by the District Court, and from the order of confirmation the trustee has taken this appeal.

The question raised by this appeal is whether the life insurance policies made payable to the bankrupt's wife, but in which he had reserved the right to change the beneficiary, became exempt from the claims of his creditors under the provisions of section 55a of the state Insurance Law.

Section 6 of the Bankruptcy Act (11 USCA § 24) provides that:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

Section 55a of the Insurance Law provides:

"If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person: Provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."

Section 70a of the Bankruptcy Act (11 USCA § 110[a]) determines the disposition of life insurance policies, so far as they may not come within the exemptions under state laws which are permitted by section 6, supra. The pertinent clauses of section 70a are as follows:

"The trustee of the estate of a bankrupt, upon his appointment and qualification * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him: Provided, that when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets. * * * * "

The Supreme Court construed section 70a in Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143, before section 55a of the Insurance Law was adopted, and at a time when there was no state statute which could be thought to exempt the proceeds of insurance policies from the claims of creditors. In that case, as here, the policies were payable to certain beneficiaries, and the bankrupt reserved the right to change the beneficiaries. In spite of the fact that the policies were not payable to the bankrupt, the Supreme Court held that the cash surrender value was an asset which passed to the trustee under section 70a, supra, because the insured had power, by reason of the reservation in the policies, to make them payable to himself. To the same effect was Cohn v. Ma-

lone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352, and our own decision in Matter of Greenberg, 271 F. 258.

Does section 55a of the Insurance Law allow an exemption to the bankrupt within the provisions of section 6 of the Bankruptcy Act? Only in such event can the Insurance Law apply, for the Bankruptcy Act must govern as between it and a state law, and the cash surrender value would pass to the trustee under section 70a, unless it is "property which is exempt."

There can be no doubt that, within the terms of section 6, the state law could have exempted the reserved power of the bankrupt from the claims of his creditors even to the extent of allowing him to exercise it in his own interest, for, as the Supreme Court said in Holden v. Stratton, 198 U. S. at page 212, 25 S. Ct. 659, 49 L. Ed. 1018, it is "couched in unlimited terms and is accompanied with no qualification whatever."

In Holden v. Stratton a statute of the state of Washington provided "that the proceeds or avails of all life insurance shall be exempt from all liability for any debt." It was held that this statute exempted the cash surrender value of policies payable to the wife of the bankrupt, if she survived him, in which no power to change the beneficiary was reserved, and was valid under section 6 of the Bankruptcy Act. But in the present case the language of the Insurance Law does not in terms grant an exemption to the avails of the policy in the hands of the bankrupt, for it only provides that the "beneficiary * * * other than the insured * * * shall be entitled to [the] proceeds and avails against the creditors and representatives of the insured, * * * whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary * * * shall predecease such person."

The statute does not exempt the bankrupt if he exercises his reserved power to change the beneficiary for his personal advantage, and, indeed, precludes an exemption in such case by saying that the "beneficiary * * * other than the insured" shall be entitled to the proceeds and avails. But it plainly does attempt to exempt the "proceeds and avails," so far as beneficiaries, other than the bankrupt, may have an interest in the policy. It does not protect the insured against his creditors, and only seeks to prevent them from affecting the rights of the beneficiaries other than himself. While the insured may still change the beneficiary, and appoint to himself under the reserved power, by reason of the New York Insurance Law, he cannot be compelled to do this, as he would have been prior to the enactment of section 55a, because, to do so, would deprive the beneficiaries of their interest. Thus there is an allowance of an exemption to the bankrupt to the extent of the right of the trustee to compel him to exercise the reserved power. While the benefit inures directly to the beneficiary, and not to the bankrupt, yet it is an exemption of the bankrupt himself to the extent indicated.

This conclusion is in accord with the weight of authority in construing similar state statutes. An exemption statute of Ohio (section 9394, General Code) came before the Circuit Court of Appeals of the Sixth Circuit in In re Weick, 2 F.(2d) 647. The act read as follows:

"All policies of life insurance upon the life of any person * * * and which have been or shall be taken out for the benefit of, or bona fide assigned to the wife or children, or any relative dependent upon such person, or any creditor, shall be held subject to a change of beneficiary if desired, for the benefit of such wife or children, or other relative or creditor, free and clear from all claims of the creditors of such insured person; and the proceeds or avails of all such life insurance shall be exempt from all liabilities from any debt or debts of such insured person."

The Circuit Court of Appeals said that:

"All policies of insurance taken out for the benefit of or bona fide assigned to the wife, children, other dependent relative or creditor come within the broad terms of the present section 9394, * * * regardless of whether such policies have matured or vested in the beneficiary, * * * and regardless of the right of the insured to 'change beneficiaries if desired.' * * *"

But the court added:

"If such change in beneficiary is made to some person not named in this statute, then, of course, the policy would no longer be exempt from claims of creditors."

Under this decision the trustee in bankruptcy was not allowed to obtain the surrender value of the policies, so long as there was no change in beneficiary to some person not in the exempt class, and 'the precise ground we have taken in the case at bar seems to have been adopted.

In Ralph v. Cox, 1 F.(2d) 435, the Circuit Court of Appeals of the Eighth Circuit construed a statute of the state of Minnesota in respect to a life insurance policy which named the wife of the bankrupt as benefici-

ary and reserved the right to change the beneficiary where the insured had not exercised the power. The pertinent clauses of the statute (Gen. St. Minn. 1913) were as follows:

"Section 3465. Whenever any insurance is effected in favor of another, the beneficiary shall be entitled to its proceeds against the creditors and representatives of the person effecting the same. * * *"

"Section 3466. Every policy made payable to, or for the benefit of, the wife of the insured, or after its issue assigned to or in trust for her, shall inure to her separate use and that of her children, subject to the provisions of section 3465. But the person applying for and procuring such policy may change the beneficiary or beneficiaries, if the consent of the beneficiary or beneficiaries named in the policy is obtained, or if a power so to do is reserved in the contract of insurance, or in case of the death or divorcement of a married woman named as beneficiary."

The court allowed the exemption of the cash surrender value.

The most recent pertinent decision was by the Circuit Court of Appeals of the Third Circuit in Dussoulas v. Lang, 24 F.(2d) 254, affirming the decision of Judge Kirkpatrick, reported at 20 F.(2d) 236. There a Pennsylvania statute was involved which provided that:

"The net amount payable under any policy of life insurance * * * heretofore or hereafter made for the benefit of or assigned to the wife or children or dependent relative of such person, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after the passage of this act, whether or not the right to change the named beneficiary is reserved by or permitted to such person."

Though the policies had a cash surrender value, and each reserved the right to change the beneficiary, the court held that there was a complete exemption both of the interest of the beneficiaries and of the bankrupt, and directed the delivery of the policies to the bankrupt.

It is to be noticed that the statute viewed in the foregoing case was construed as in terms exempting all rights in the insurance, and in that respect was broader than the New York act, which only entitles a beneficiary "other than the insured" to the "proceeds and avails" of the policy "against the creditors of the * * * insured."

The only Circuit Court of Appeals which may perhaps be thought to have differed with the foregoing conclusions is the Fifth, in Morgan v. McCaffrey, 286 F. 922. There a statute of Florida was considered, which seems sweeping in its exemptions, but the court, in construing its meaning limited its effect to the exemption of rights coming into being after the death of the insured. While the language of the act resembles that dealt with by the Supreme Court in Holden v. Stratton, 198 U. S. 202, 25 L. Ed. 656, 49 L. Ed. 1018, the latter case is not referred to. But, in any event, Morgan v. McCaffrey, supra, can have no bearing on the situation before this court, because the statute as there construed limited the exemption to cases where the death of the insured had occurred.

A matter which neither side has called to our attention is of importance. Section 55a of the state Insurance Law took effect March 31, 1927. It is unlikely that there were not creditors existing at that time, seeing that bankruptcy followed so soon after. To the creditors whose claims arose prior to the passage of the law, it would not apply. Not only is a retroactive statute which disturbs existing rights unlikely to have been intended, but a state law which deprives existing creditors of their rights to resort to property for payment of their claims would impair the obligation of contracts, and contravene section 10, article 1 of the Federal Constitution. Bank of Minden v. Clement, 256 U. S. 126, 41 S. Ct. 408, 65 L. Ed. 857; Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793; Gunn v. Barry, 15 Wall. 610, 21 L. Ed. 212.

In fear of such a result, the Pennsylvania act of 1923 exempting the avails of policies was specifically limited to cases where the claims of creditors arose after the enactment of the statute. In re Lang (D. C.) 20 F.(2d) at page 238. Section 55a should be construed so as not to operate retroactively, and to affect only such claims as arose after March 31, 1927. In re Bonvillain (D. C.) 232 F. 370; In re Heilbron's Estate, 14 Wash. 536, 45 P. 153, 35 L. R. A. 602; Lewellyn v. Frick, 268 U. S. at page 252, 45 S. Ct. 487, 69 L. Ed. 934; Shwab v. Doyle, 258 U. S. at page 534, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454.

In view of the foregoing considerations, the order of the District Court is modified, so as to provide that the trustee in bankruptcy shall be entitled to the cash surrender value of the policies to the extent of the proved claims of creditors, if any, which existed on March 31, 1927, and also so as to provide that, if the bankrupt shall at any time exercise his power to change the beneficiary for his personal advantage, the cash surrender value

shall constitute unadministered assets of the bankrupt estate. As thus modified, the decree is affirmed.