## In re VAUGHN.

### No. 2490.

District Court, S. D. Florida.

March 18, 1932.

W. F. Way, of St. Petersburg, Fla., for bankrupt.

AKERMAN, District Judge.

This cause comes on to be heard on a certificate of review to review an order of the referee dated December 1, 1931, wherein the referee ordered the bankrupt to pay over to Luther W. Jones, his trustee in bankruptcy, on or before the 8th day of December, 1931, the sum of $753.05.

As the court understands this case from the certificate of review and the other papers returned therewith, the bankrupt, at the time he filed his schedules, had several policies of life insurance payable to his wife with the privilege of changing the beneficiary, and failed to schedule these policies of life insurance in his original schedule, but by an amendment to his schedules, filed long prior to the order complained of, he did disclose these policies of life insurance, and claimed that the cash surrender value was exempt to him under the Florida statute (Comp. Gen. Laws Fla. 1927, § 7066), and this amendment was filed by the referee. Thereafter the trustee petitioned the referee to require the bankrupt to turn over to him various sums of money, among others, the sum of $753.05, which, subsequent to the filing of the petition in bankruptcy, the bankrupt had obtained through his wife as loans on these life insurance policies, and the referee ordered the bankrupt to pay over these sums to the trustee upon the theory that the sums so borrowed had lost their identity as part of the exemption the bankrupt was entitled to. The court must regretfully disagree with the referee, and is of the opinion that, when the amended schedules claiming this exemption were filed, the trustee should have set apart these policies of life insurance and their cash surrender value to the bankrupt as exempt as of the date of the filing of the original petition, and that the mere fact that the bankrupt, through his wife, borrowed on these policies subsequent to the filing of the petition, would not give the trustee any right to claim sums so borrowed.

It is therefore considered, ordered, and adjudged by the court that the order of the referee dated December 1, 1931, requiring the bankrupt to pay over to his trustee the sum of $753.05, be, and the same is hereby, reversed and set aside, and the cause is hereby returned to the referee for such action as may be in accord with this opinion.