## In re CANARIATE.

District Court, S. D. New York.
Sept. 21, 1933.

Emanuel Mehl, of Brooklyn, N. Y., for trustee.

Freudenberg & Mattuck, of New York City (Louis G. Langer, of New York City, of counsel), for bankrupt.

WOOLSEY, District Judge.

This petition to review is denied.

Under the language of the Circuit Court of Appeals in Re Messinger, 29 F.(2d) 158, at page 160, 68 A. L. R. 1205, I should have said—before the decision of United States Mortgage & Trust Co. v. Ruggles, 258 N. Y. 32, 179 N. E. 250, 79 A. L. R. 802—that the express reservation to the bankrupt of the surrender value in the policy before me herein would have caused it to go to the trustee subject to the ransom provisions of section 70a of the Bankruptcy Act, as amended by Act May 27, 1926 (11 USCA § 110 (a). But since the decision in the Ruggles Case in which Judge Pound construed the extent of the exemption under section 55-a of the New York Insurance Law, see 258 N. Y. at page 39, 179 N. E. 250, 252, the decision of the referee seems to me inevitable.

Exemption laws involve state considerations solely, and the federal courts have always recognized and respected such laws both under executions and in bankruptcy. Holden v. Stratton, 198 U. S. 202, 204, 214, 25 S. Ct. 656, 657, 659, 49 L. Ed. 1018. In this proceeding, therefore, the construction given to the New York state exemption law as to insurance policies by the New York courts controls.