## In re JEROLOMAN.

District Court, S. D. New York.
March 24, 1934.

David W. Kahn, of New York City, for trustee.

Henry P. Goldstein, of New York City, for bankrupt.

PETER B. OLNEY, JR., Referee.

On July 7, 1933, one of the bankrupt's creditors, the Chemical National Bank & Trust Company, obtained a deficiency judgment against bankrupt after foreclosure of a mortgage, bankrupt having executed an extension agreement of a bond and mortgage made in reference to certain property owned by bankrupt prior to 1926, and which property was transferred by sale some time in 1926.

Bankrupt at the time of his bankruptcy had in force two insurance policies upon his life, one in the Prudential Insurance Company in the sum of $3,000, issued September 2, 1924, and another in the Equitable Life Assurance Society in the sum of $5,000, issued March 10, 1924. In each of these policies the beneficiary is bankrupt's wife and the right to change the beneficiary has been reserved by the bankrupt.

On this state of facts trustee contends that Chemical National Bank & Trust Company was a creditor of the bankrupt prior to March 31, 1927, and that as such trustee he is entitled to the cash surrender value of the policies as

of the date of the filing of the petition in bankruptcy for the benefit of the creditors who were such prior to March 31, 1927, the effective date of section 55-a of the New York Insurance Law (Consol. Laws N. Y. c. 28). In re Messinger (C. C. A. 2d) 29 F.(2d) 158, 68 A. L. R. 1205.

In opposition to the trustee's contention bankrupt cites a decision of Judge Knight in the Western District of New York, In re Crayton (D. C.) 56 F.(2d) 282, where on a similar state of facts, Judge Knight held that a deficiency judgment creditor who had obtained his judgment in 1930 upon a bond and mortgage executed prior to March 31, 1927, was not a creditor on March 31, 1927, because at that time and up to the deficiency judgment the claim was contingent as it was uncertain whether there would be any deficiency judgment.

With the utmost respect for Judge Knight, I am reluctantly compelled to disagree with his decision in Re Crayton, which as I read it is based on the assumption that there is no indebtedness against an obligor upon his bond where it is secured by mortgage until it is determined whether the liquidation of the collateral, which the court says is principally liable for the amount of the mortgage, will realize sufficient to pay the claim in full; in other words, that until such time the claim is merely contingent. This it seems to me is to lose sight of the fundamental distinction between a secured and a contingent claim. In the former case, the debt exists, and has from the inception of the transaction between the parties, but the creditor has security for his debt. The mere fact that where a creditor holds security, he must first determine the value thereof and his claim be allowed only for the difference does not mean that prior to such time no debt existed. In the latter case at the time in question no claim exists at all, the situation being that upon the happening of some event in the future a claim will spring into existence.

I am confirmed in my view by the fact that the law is that an obligee on a bond or note secured by mortgage may sue either on the bond or to foreclose the mortgage. Jones v. Conde, 6 Johns. Ch. (N. Y.) 77; see Continental Securities Co. et al. v. Interborough Rapid Transit Co., 118 Misc. 11, see page 16, 193 N. Y. S. 892, affirmed General Inv. Co. v. Interborough Rapid Transit Co., 200 App. Div. 794, 193 N. Y. S. 903; Id., 235 N. Y. 133, 139 N. E. 216. Compare Civil Practice Act, § 1078.

In my opinion, in the Crayton matter and in the matter at bar the court is dealing with a debt which was in existence on March 31, 1927, when section 55-a of the Insurance Law became effective, which debt was to be sure secured, and therefore the trustee is entitled to the cash surrender value for the benefit of said creditor and any others who may have been such at the time. In re Messinger, supra.

Motion granted. Settle order on notice.

Memorandum on Petition to Review Referee's Order.

WOOLSEY, District Judge.

Petition to review is dismissed and referee's order and decision confirmed on authority of In re Messinger (C. C. A.) 29 F.(2d) 158, 161, 68 A. L. R. 1205.