## In re KEST.

### KEST v. BASSIN.
### No. 438.

Circuit Court of Appeals, Second Circuit.
July 1, 1935.

David Haar, of New York City, for bankrupt-appellant.

William J. Rudin, of Brooklyn, N. Y., for trustee-appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Henry Kest filed a voluntary petition in bankruptcy on August 2, 1932, and was forthwith adjudicated a bankrupt. He carried a number of insurance policies on his own life which the court below found to have had a cash surrender value of $1,870.03 on the foregoing date, but there seems to have been no proof in the record that such was the value at the time when the petition was filed, and an as-

706 .

signment of error filed by the bankrupt-appellant points out this lack of proof.

In July, 1928, Kest executed a trust agreement creating a trust covering the above insurance policies for the benefit of his wife and children and appointed the Manhattan Bank trustee. The agreement provided that the trust might be revoked at the will of the settlor. Under section 55-a of the New York Insurance Law adopted March 31, 1927 (Consol. Laws, c. 28), these policies were not part of the assets of the bankrupt's estate. We have held that section 55-a did not operate retroactively. Accordingly the cash surrender value existing at the date of the filing of the petition was subject to the claims of creditors of Henry Kest which existed on March 31, 1927. In re Messinger (C. C. A.) 29 F.(2d) 158, 68 A. L. R. 1205.

■ The question arises whether the Emigrant Industrial Savings Bank, to which Kest, on December 3, 1926, had given a bond for the repayment of a loan of $18,000, secured by a mortgage on his real estate, was a creditor on March 31, 1927, when section 55-a of the New York Insurance Law went into effect.

The referee, with the acquiescence of all parties, seems to have treated the mortgaged property as worth about $27,000 when the loan of $18,000 was made, because the New York Savings Bank Law forbids a loan of more than 60 per cent. of the sound value of the security. After the petition in bankruptcy was filed by Kest on August 2, 1932, the Savings Bank began a foreclosure suit and, on February 24, 1933, bid in the property and entered a deficiency judgment for $10,796.38, for which it filed proof of claim in bankruptcy. The referee allowed this claim and ordered the bankrupt to cancel the life insurance policies and pay their cash surrender value to the trustee as of August 2, 1932, when the petition in bankruptcy was filed, with permission to the bankrupt to redeem the policies by paying to the trustee the cash surrender value as of that date. This order was confirmed by the District Court.

Counsel for the bankrupt now argues that the creditors who under our decision of In re Messinger, 29 F.(2d) 158, 68 A. L. R. 1205, are entitled to resort to the cash surrender value of the policies, are only those persons having provable debts on March 31, 1927. At that time

there was no bankruptcy and could be no "provable" debt. But on March 31, 1927, there was a debt evidenced by the bond and it remained such unless reduced or wiped out by payments through liquidation of the security or otherwise. In this case it was not extinguished but was reduced by credits obtained through the foreclosure sale whereby the security was liquidated in accordance with section 57h of the Bankruptcy Act, 11 USCA § 93 (h). In re Isaacs, 246 F. 820 (C. C. A. 2).

We cannot agree with the decision of Judge Knight in Re Crayton (D. C.) 56 F.(2d) 282, where a creditor who had a judgment in 1930 upon a bond and mortgage executed prior to March 31, 1927, was held not to have been a creditor on the latter date because at that time and up to the time of deficiency judgment the claim was contingent, as it was then uncertain whether there would be any deficiency judgment. We think there can be no doubt that on March 31, 1927, there was an obligation on the bond, though it was a secured obligation, which for purpose of proof in the bankruptcy proceeding had to be liquidated under section 57h of the Bankruptcy Act by application of the security. The decision of Referee Olney in Re Jeroloman, 6 F. Supp. 430, confirmed by the District Court, is in accord with our views.

■ The bankrupt makes the further point that the Savings Bank is not a creditor, because, after purchasing the mortgaged property on foreclosure, it sold it within two months for enough to extinguish all the indebtedness to it except interest accruing after the date of the filing of the petition. So far as we are informed, there was no appeal from the claim of the Savings Bank as allowed after proof, and we cannot regard it as properly in question here.

■ The order should be modified by striking out the clause allowing the bankrupt to redeem the policies by paying to the trustee the sum of $1,870.03 as their cash surrender value on August 2, 1932, because there is no evidence in the record of any such value. It should allow the bankrupt to redeem upon paying the cash surrender value as of August 2, 1932, which may be determined by the District Court upon proper proof.

As so modified, the order is affirmed.