## In re RAGOZZINO.

### No. 37780.

District Court. E. D. New York.

April 7, 1941.

See, also, 37 F.Supp. 524.

J. Leonard Stoll, of New York City, for bankrupt.

Irving R. Krosner, of New York City, for trustee.

BYERS, District Judge.

These are petitions to review two orders of the referee affecting two aspects of one problem. The first deals with the application of the bankrupt for leave to amend his schedules and list as an asset a certain policy of life insurance, and to establish an exemption with reference to it (as to the latter he was unsuccessful); the second directs the Glen Cove Trust Company to turn over to the trustee that same policy, which was assigned to it as collateral security for a loan. Both orders are dated January 18, 1941.

For clarity, the facts should be stated in their inverse order:

On December 1, 1939, the above-named bankrupt and Anna, his wife, obtained a loan from the Glen Cove Trust Company, represented by a check in the sum of $300, endorsed by those persons, respectively, and "Glen Cove Hudson Terraplane & Service Garage", which check was deposited to the credit of the last-named endorser in the same bank; as collateral security for the loan, a policy of insurance was assigned to the bank, namely, policy No. 7099156, in the sum of $5,000, issued on October 16, 1930, by The Prudential Insurance Company of America to the above-named bankrupt, his wife being the beneficiary therein named, and the right to change the beneficiary being reserved by the insured.

The potential surrender value of the said policy on October 9, 1939, was $456.98, made up of two items, namely:

Net reserve.............. $359.86
Accumulated dividends.. 97.12  $456.98

On October 9, 1939, the above-named bankrupt filed his voluntary petition and was adjudicated forthwith, and the schedules signed and filed by him made no mention of the said policy of insurance; nor did the trustee learn of its existence except in connection with a turnover motion as the result of which the balance in the above-mentioned bank account was directed to be turned over to the trustee. On or about May 27, 1940, a hearing involving that subject-matter brought to light the transaction above-recited. As soon as possible thereafter proper proceedings were undertaken to reach the cash surrender value of the policy, on the theory that it was the property of the bankrupt.

As the result of that activity, on August 17, 1940, and under the auspices of a new attorney, the bankrupt filed a notice of motion accompanied by a supporting affidavit, seeking leave to amend his schedules by including the said life insurance policy, and to assert that the same was exempt property because his wife was the named beneficiary.

By order of January 18, 1941, the referee granted the motion to the extent of allowing the bankrupt to amend schedule B 3, subdivision C, so as to include the said policy "of which policy Anna Ragozzino has always been the main beneficiary" and denying so much of the motion as sought to amend schedule B 5 to claim an exemption.

Stated briefly, the reason for these orders is that the bankrupt, by assigning the policy to secure the loan, actually applied the cash surrender value to his own uses and purposes, since the bank account which was embellished by the $300 loan, while carried in the name of his wife, was subject to checks drawn by him thereon under a power of attorney, to the impairment of the interests of the beneficiary. The only question arising on these petitions concerns the soundness of that disposition by the referee.

The failure of the bankrupt to list the insurance policy in his schedules as filed, and to seek an amendment from the time of adjudication on October 9, 1939, to August 17, 1940, in the light of the other circumstances in the case, was not consistent with entire good faith, and no reason is seen for disturbing the decision of the referee, that so far as the amendment seeks to embrace a claim for exemption, it should not be allowed; it is difficult to avoid the conclusion that no such application would have been made except for the diligence of the trustee in bringing to light the said loan transaction.

That the bank account in which the proceeds of the loan were deposited was found to be the property of the bankrupt, seems to follow inevitably from the granting of the turnover order which has been referred to; that decision fixes the status of the account for all purposes touching this estate, nor does the brief filed for the bankrupt on this motion contain argument to the contrary.

Within the following decisions, the referee's conclusion, that the bankrupt sought to apply the cash surrender value of his policy for his personal advantage and therefore the exemption must be denied, is sound and should be sustained: In re Messinger, 2 Cir., 29 F.2d 158, 68 A. L.R. 1205; certiorari denied Reilly v. Messinger, 279 U.S. 855, 49 S.Ct. 351, 73 L. Ed. 996; In re Kest, 2 Cir., 78 F.2d 705; In re Horwitz, D.C., 3 F.Supp. 16; In re Yaeger, D.C., 21 F.Supp. 324; In re Keil, D.C., 16 F.Supp. 862.

In re Vaughn, D.C., 2 F.Supp. 385, is probably to the contrary, but deals with a Florida statute. It is not an authority which this court is required to follow.

Both petitions for review are denied.

Settle order.