**SCHWARTZ v. COEN et al.**

**No. 77.**

Circuit Court of Appeals, Second Circuit.
Dec. 7, 1942.

Nathan B. Fogelson, of New York City (Victor Konow, of New York City, of counsel), for plaintiff-appellant.

Peter Rosenberg, of New York City (Moses B. Sherr and Herman Silver, both of New York City, of counsel), for defendants-appellees.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Coen, on January 10, 1940, filed a voluntary petition in bankruptcy; appellant duly became his trustee in bankruptcy. In this suit appellant sought the surrender value of a policy issued, on January 26, 1921, to the bankrupt on his life; the policy named his wife as beneficiary with the privilege reserved in the bankrupt to change the beneficiary. On November 20, 1929, the bankrupt assigned this policy to his wife at a time when, appellant claimed, appellee was insolvent.

Were it not for § 55(a) of the New York Insurance Law, Consol.Laws, c. 28, now § 166[1]—which is applicable because the bankrupt was a New York citizen and a resident when the policy was is-

[1] § 166 reads in part as follows: "If any policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary * * * or otherwise, to a third person, such third person beneficiary, assignee or payee shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance."

sued and since then—appellant, as trustee in bankruptcy, would be entitled to such surrender value under § 70, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a; and this would have been true regardless of whether or not the bankrupt was insolvent when the policy was issued or assigned or when the premiums were paid thereon.[2] But the trustee's right to such surrender value, under § 70, sub. a, was cut off by the New York statute except as to claims existing before the effective date of that statute, March 31, 1927.[3] Here the only claim against the estate which was then in existence amounted to $151.96. The trial court therefore correctly limited recovery to that amount.[4]

■ 2. Appellant seeks additional relief on the following grounds: During the period of the bankrupt's alleged insolvency, the bankrupt paid to his wife sums in excess of her expenditures for household expenses; that excess is at least equal to amounts paid by her during the period of alleged insolvency for a house and for premiums on the insurance policy; the wife, during that alleged insolvency period, had no independent sources of income equal to that excess; accordingly, says appellant, he is entitled to at least a part of the value of the house and also—assuming he is not entitled to the surrender value under § 70, sub. a—to a part of so much of that surrender value as equals the amount of premiums paid during the alleged insolvency.

This relief was properly denied. For appellant has failed to show that, just before the period of the alleged insolvency, the wife did not have funds at least equal to the amount thus expended for the house and for the insurance premiums; appellant has, therefore, failed to show that the funds received by her from the bankrupt during the period of the alleged insolvency were thus expended in fraud of creditors. As this is a sufficient ground for denying relief, we need not consider the question as to when the bankrupt became insolvent.

Judgment affirmed.

---

[2] Cohen v. Samuels, 245 U.S. 50, 38 S. Ct. 36, 62 L.Ed. 143.

[3] In re Lissak, 2 Cir., 110 F.2d 370; Samuels v. Quartin, 2 Cir., 108 F.2d 789; In re Gordon, 2 Cir., 90 F.2d 583; In re Kest, 2 Cir., 178 F. 705; In re Messinger, 2 Cir., 29 F.2d 158, 68 A.L.R. 1205, certiorari denied 279 U.S. 855, 49 S.Ct. 351, 73 L.Ed. 996.

[4] Since that part of § 166 noted in an earlier footnote bars any greater recovery, it is unimportant whether the policy was subsequently assigned when the bankrupt was insolvent; for the assignment added nothing to that bar to greater recovery.