806

## GRIMMER v. BROWN.
### No. 145.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1945.

Delafield, Marsh, Porter & Hope, of New York City (Eugene Blanc, Jr., of New York City, of counsel), for Otto Grimmer, bankrupt-appellant.

Samuel P. Adelman, of New York City, for William Stephen Brown, trustee-appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order of the District Court denying the bankrupt's petition to review an order of the referee in bankruptcy who held the cash surrender value of certain policies of insurance upon the life of the bankrupt to be an asset of the estate in bankruptcy recoverable by the

trustee within the decision of In re Messinger, 2 Cir., 29 F.2d 158, 68 A.L.R. 1205, because there were valid claims against the bankrupt prior to March 31, 1927, exceeding in amount the cash surrender value of the policies. March 31, 1927, was the effective date of Section 55-a (now § 166) of the New York Insurance Law, Consol.Laws N.Y. c. 28, exempting certain insurance policies from claims of the creditors of a bankrupt.

On May 27, 1902, Otto Grimmer, for a valuable consideration, made and delivered his bond to one Nellie Rogers Mills, by which he agreed to pay her $14,000 on May 27, 1904, with interest at 6% per annum payable half yearly and as security therefor gave her a second mortgage on his premises No. 122 East 31st Street, New York City. She died in 1931 while still owning the bond and mortgage which from time to time had been extended. By her will, she appointed an executor who, pursuant to authority derived under the will assigned the bond and mortgage to Rose Owen Brill and Elizabeth M. Hawkins as tenants in common. A first mortgage on 122 East 31st Street was foreclosed leaving no security for the bond of $14,-000. Grimmer paid to Brill the amount of her one-half share of principal and interest due on the bond leaving only remaining the indebtedness to Hawkins.

On April 9, 1940, Hawkins sued Grimmer in the New York Supreme Court in order to recover her half interest in the bond, namely, $7,000, with interest from November 27, 1932. Grimmer interposed an answer alleging that the bond was usurious and void and praying that it be declared void, that the complaint be dismissed and the bond be surrendered for cancellation. To this answer Hawkins filed a reply denying the charge of usury. Both parties then moved in the State Court for summary judgment and both motions were denied. Thereupon the parties entered into an agreement of settlement under date of April 7, 1941, whereby Grimmer agreed to pay Hawkins $500 forthwith and to pay $50 on the 28th of each month thereafter until the balance of $6500 should be paid. After payment of the $500 the case was marked "settled" on the Supreme Court calendar and between April 7, 1941, and December 15, 1942, Grimmer had made payments to Hawkins pursuant to the agreement which all together amounted to $1,-025, leaving a balance due her of $5,975.

On December 15, 1942, Grimmer filed a voluntary petition in bankruptcy and was adjudged a bankrupt. On January 5, 1943, William Stephen Brown became trustee. The bankrupt scheduled and claimed to be exempt under Section 55-a (now § 166) of the New York Insurance Law certain insurance policies on his life taken out between September 15, 1893 and May 26, 1908, with a cash surrender value on December 15, 1942, the date of his adjudication, amounting to $4,254.75. The referee found that the trustee had traced the right of the creditor Hawkins into her original claim under the bond and mortgage of May 27, 1902, and was thereby entitled to recover the cash surrender value of the policies. The District Court affirmed his decision.

In our decision of In re Messinger, 2 Cir., 29 F.2d 158, 68 A.L.R. 1205, we held that, where the insurance is in force at the time of the bankruptcy, Section 55-a supra exempts the proceeds and avails of insurance policies from the claims of creditors arising after the statute took effect. This was because any other result would impair the obligations of the contracts of prior creditors of the bankrupt. In our later decisions of In re Gordon, 2 Cir., 90 F.2d 583, we held that the execution of renewal notes by a bankrupt after the enactment of Section 55-a did not extinguish claims which had been evidenced by notes executed prior to its enactment or deprive the trustee in bankruptcy of the right to reach and apply the cash surrender value of the policies to the original claims. See also In re Kest, 2 Cir., 78 F.2d 705, 706; In re Lissak, 2 Cir., 110 F.2d 370, and Schwartz v. Coen, 2 Cir., 131 F.2d 879, 880.

The facts of the present case are different. Here there was the settlement of a lawsuit in which the bankrupt asserted the defense of usury. The referee did not pass on that defense but expressly held that the agreement of April 7, 1941 was "a substitution for the rights and liabilities" of Elizabeth M. Hawkins and Otto Grimmer prior to April 7, 1941 and discharged Hawkins and Grimmer from any previous claims or defenses. If there was usury no valid debt came into existence prior to March 31, 1927. If a valid debt came into existence in 1902 it was discharged by the compromise of the law suit in 1941 and Hawkins' claim as her proof indicates was under the 1941 agreement which was made after March 31, 1927, so that the exemption created by Section 55-a would apply and the right of the trustee to the cash surrender value of the policies was barred.

There is no proof of a valid debt arising in 1902 but only of a disputed claim which was settled by the 1941 agreement. Accordingly our decision in In re Gordon, 2 Cir., 90 F.2d 583, does not apply and the order of the court below cannot stand.

Order reversed.