F I L E D
United States Court of Appeals
Tenth Circuit

AUG 26 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

MICHAEL ANTHONY VIGIL;
TINA ILENE VIGIL, also known as
Tina Ilene Christy,

        Debtors.

MICHAEL ANTHONY VIGIL;
TINA ILENE VIGIL,

        Appellants,

v.

TRACY LYNNE ZUBROD, Trustee,

        Appellee.

No. 02-8093
(BAP No. WY-02-003)
(BAP)

In re:

CARRIE ANN MICHAELS,
also known as Carrie Ann
Michaels-Burkard,

        Debtor.

CARRIE ANN MICHAELS,

        Appellant,

v.

No. 02-8094
(BAP No. WY-02-002)
(BAP)

TRACY LYNNE ZUBROD, Trustee,

Appellee.

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

This appeal presents a purely legal question: whether under Wyoming's exemption statute, Wyo. Stat. Ann. § 26-15-129, a debtor in a Chapter 7 bankruptcy proceeding can exempt the cash value of a life insurance policy from the bankruptcy estate. We answer that question in the affirmative, thus reversing the Bankruptcy Appellate Panel.

In two separate cases, debtors Michael Anthony Vigil, Tina Ilene Vigil, and Carrie Ann Michaels (collectively "debtors") attempted to exempt from their

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

bankruptcy estates the cash surrender value of certain life insurance policies owned by them and insuring their lives. The objections of the trustee to the claims of exemption were sustained by the bankruptcy court. Debtors appealed to the Bankruptcy Appellate Panel (BAP), which consolidated the two cases and affirmed the bankruptcy court. This appeal followed. Our jurisdiction arises under 28 U.S.C. § 158(d).

"On appeal from BAP decisions, we independently review the bankruptcy court's decision. We review the bankruptcy court's legal determinations *de novo,* and its factual findings under the clearly erroneous standard." *Lampe v. Williamson (In re Lampe)*, 331 F.3d 750, 753 (10th Cir. 2003) (quotation and citations omitted).

Debtor Michael Vigil purchased two policies from The New York Life Insurance Company, both listing Tina Vigil, his wife and co-debtor, as the beneficiary. A third policy held by Tina Vigil lists Michael Vigil as the beneficiary. Debtor Carrie Ann Michaels purchased a whole life policy from The Prudential Insurance Company of America naming a non-debtor as the beneficiary. There is no dispute as to ownership, beneficiaries, or values of the whole life policies at issue.

Under § 522 of the Bankruptcy Reform Act of 1978, a debtor is entitled to exempt certain property from the bankruptcy estate unless the state of his

domicile has elected to "opt out" of the federal scheme and provide its own exemptions. *Johnston v. Barney*, 842 F.2d 1221, 1221 (10th Cir. 1988). Wyoming has opted out of the federal exemptions. *See* Wyo. Stat. Ann. § 1-20-109. The issue in this appeal is thus controlled by Wyoming's exemption statute, which provides in pertinent part:

> (a) If a policy of insurance is executed by any person on his own life or on another life, in favor of a person other than himself, . . . the lawful beneficiary or assignee thereof, other than the insured or the person executing insurance or executors or administrators of the insured or the person executing the insurance **,** are [sic] entitled to its proceeds, *including death benefits, cash surrender and loan values, premiums waived and dividends, whether used in reduction of premiums or otherwise, excepting only where the debtor, subsequent to issuance of the policy, has actually elected to receive the dividends in cash,* against the creditors and representatives of the insured and of the person executing the policy, *and are not liable to be applied by any legal or equitable process to pay any debt or liability of the insured individual or his beneficiary or of any other person having a right under the policy*, whether or not:
>
> (i) The right to change the beneficiary is reserved or permitted . . . .

Wyo. Stat. Ann. § 26-15-129 (emphasis added). [1]

In the bankruptcy court and before the BAP, debtors argued that this statute authorized them to exempt the cash surrender value of their policies from their bankruptcy estates. Both courts disagreed, finding that the language of the statute unambiguously precluded such an exemption. In so doing, both courts concluded

---

[1] The italicized portion of the statute quoted above was added by amendment in 2001.

-4-

that the phrase "other than the insured or the person executing insurance or executors or administrators of the insured or the person executing the insurance" defined a class of persons ineligible for the exemption. We disagree.

Because there is no authoritative Wyoming law construing the reach of this statute, we must endeavor to predict how the Wyoming Supreme Court would interpret the question before us. *See Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002).[2] We agree with the BAP that this statute is unambiguous and thus, under Wyoming law, must be construed according to its plain meaning. *See Abeyta v. State*, 42 P.3d 1009, 1011 (Wyo. 2002). We must give "effect to each word, clause, and sentence so that no part will be inoperative or superfluous." *Id.* at 1012. Mindful that Wyoming courts construe exemption statutes liberally "so as to effect their beneficent purposes," *see Pellish Bros. v. Cooper*, 38 P.2d 607, 609 (Wyo. 1934), we have sought out cases interpreting statutes similar to that of Wyoming's in order to determine the reach of Wyo. Stat. Ann. § 26-15-129.

As early as 1928 in *In re Messinger*, 29 F.2d 158 (2d Cir. 1928), the Second Circuit, construing a New York statute nearly identical to the Wyoming

---

[2] The trustee cites unpublished opinions from the bankruptcy court in Wyoming and from the Wyoming federal district court in support of her position. Because these opinions are not from this court, however, they do not bind us on appeal.

-5-

statute,[3] held that a debtor could exempt the cash surrender value of a life insurance policy from the bankruptcy estate as long as the debtor did not exercise his power to name himself as the beneficiary. *Id.* at 160. The court observed that "[t]he statute does not exempt the bankrupt if he exercises his reserved power to change the beneficiary for his personal advantage, and, indeed, precludes an exemption in such case by saying that 'the beneficiary . . . other than the insured' shall be entitled to the proceeds and avails." *Id.* Thus, the Second Circuit understood the language at issue here not to preclude the exemption outright as the bankruptcy court and the BAP held, but to preclude it only if the debtor names himself as the beneficiary.

We cited *Messinger* with approval in *McConnico v. Privett (In re Privett)*, 435 F.2d 261, 263 (10th Cir. 1970). *Privett* involved the construction of the Oklahoma exemption statute, which at the time provided:

---

[3]    In 1928, § 55a of the New York Insurance Law, as quoted in *Messinger,* provided:

> If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, . . . the lawful beneficiary or assignee thereof, *other than the insured or the person so effecting such insurance,* or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted . . . .

*Messinger*, 29 F.2d at 159 (emphasis added).

When a policy of life insurance is effected by any person on his own life or on another life in favor of some person other than himself having an insurable interest therein, or made payable by assignment, change of beneficiary or other means to a third person, the lawful beneficiary thereof or such third person, *other than the person effecting the insurance or his legal representatives*, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same.

*Id.* at 262 (quoting Okla. Stat. tit. 36, § 3631(A) (1989)) (emphasis added). While not quite as similar to the Wyoming statute as the New York statute construed in *Messinger*, the language of the Oklahoma statute is sufficiently close to the Wyoming statute to make our holding in *Privett* relevant to this analysis.

*Privett* held that the Oklahoma statute allowed a debtor/insured to claim an exemption for the cash surrender value of a life insurance policy, thus rejecting the argument made here by the trustee. After acknowledging that the Oklahoma statute was intended to "insulate the beneficiary from the creditors of the insured," *id.* at 263, this court endorsed the *Messinger* approach and allowed the exemption, with the proviso that "if the bankrupt shall at any time exercise his power to change the beneficiary for his personal advantage, the cash surrender value shall constitute unadministered assets of the bankrupt estate." *Id.* at 264. It is undisputed here that the debtors are not the beneficiaries of the policies they own.

*Privett* was followed more recently in *In re Ridgway*, 108 B.R. 294, 298 (Bankr. N.D. Okla. 1989), where the court concluded that, under the Oklahoma

-7-

statute, the cash surrender value of a life insurance policy was exempt, albeit with the same caveat declared in *Privett.*

In view of the foregoing, we conclude that Wyo. Stat. Ann. § 26-15-129 allows a Chapter 7 debtor to exclude the cash surrender value of a life insurance policy from the bankruptcy estate unless and until the debtor changes the beneficiary for his personal advantage.

Our resolution of this matter makes it unnecessary to address whether the BAP correctly concluded that a beneficiary of a life insurance policy cannot claim an exemption under Wyo. Stat. Ann. § 26-15-129 in the cash surrender value of a life insurance policy owned by a debtor.

The orders of the Bankruptcy Appellate Panel and the Bankruptcy Court are REVERSED and these cases are REMANDED to the Bankruptcy Court for further proceedings not inconsistent with this order and judgment.

Entered for the Court


Wade Brorby
Senior Circuit Judge