611 F.2d 733
 5 Bankr.Ct.Dec. 775
 In re Samuel BROSTOFF, d/b/a Western Kosher Poultry, Inc.,
f/d/b/a Colorado
Poultry, Bankrupt. Carlyle MICHELMAN, Trustee for Samuel
Brostoff, d/b/a Western Kosher Poultry, Inc.,
f/d/b/a Colorado Poultry, Bankrupt,
Plaintiff-Appellant,
v.
ACACIA MUTUAL LIFE INSURANCE COMPANY, Shirley Brostoff,
William Brostoff, Donald M. Brostoff, David C.
Brostoff and Jerrold N. Brostoff,
Defendants- Appellees,
 No. 75-2988.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 15, 1979.
Rehearing Denied Jan. 28, 1980.
 
 1
 Haskell H. Grodberg, Los Angeles, Cal., for plaintiff-appellant.
 
 
 2
 John H. Brink, Irsfeld, Irsfeld & Younger, Hollywood, Cal., for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Central District of California.
 
 
 4
 Before TRASK and WALLACE, Circuit Judges, and HOFFMAN,* District Judge.
 
 WALTER E. HOFFMAN, District Judge:
 
 5
 Samuel Brostoff filed a voluntary petition in bankruptcy on May 7, 1973, and was adjudicated bankrupt on that date. With his petition, he also filed his schedule B-5 exemptions pursuant to Rule 108 of the Rules of Bankruptcy Procedure. In that schedule he listed as exempt, two Acacia Mutual Life Insurance Company policies on his life pursuant to California Code of Civil Procedure § 690.9.[1] One policy, issued on June 23, 1965, had an annual premium of $719.26, and a cash surrender value on May 7, 1973, of $390.74. The second policy, issued on February 10, 1968, had an annual premium of $2,158.45, and a cash surrender value on May 7, 1973, of $819.46. On May 7, 1973, the beneficiary of both of these policies was Samuel Brostoff's wife, Shirley. With regard to both policies, however, Samuel Brostoff retained the right to change the beneficiary.
 
 
 6
 The Trustee in Bankruptcy, Carlyle Michelman, was appointed on June 6, 1973. He was required by Rule 403(b) of the Rules of Bankruptcy Procedure to:
 
 
 7
 . . . examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies . . . .
 
 
 8
 The trustee in bankruptcy never filed the report on the bankrupt's claim of exemption as required.
 
 
 9
 On June 8, 1973, the bankrupt exercised his right to change the beneficiary of each of his life insurance policies. He named as the beneficiaries of both policies his four sons, William, Donald, David, and Jerrold Brostoff, all of whom had reached the age of majority before May 7, 1973. On October 11, 1973, Samuel Brostoff died.
 
 
 10
 Subsequent to Samuel Brostoff's death, the trustee filed a claim for the proceeds of both Acacia life insurance policies, contending that his rights in the policies were not limited to the cash surrender value of the policies as of the date Samuel Brostoff was adjudicated as bankrupt. On August 1, 1974, subsequent to the time that the trustee filed his claim, Acacia informed the trustee of the net cash surrender value of the two life insurance policies as of May 7, 1973, the date of bankruptcy.
 
 
 11
 The trustee filed the complaint initiating this case on August 28, 1974. In his complaint, he sought the proceeds of the two life insurance policies. At no time prior to the filing of the complaint did the bankrupt or the defendants-appellees in this case, tender to the trustee an amount of money equal to the net cash surrender value of the two life insurance policies. Section 70(a)(5) of the Bankruptcy Act, 11 U.S.C. § 110(a)(5), states in pertinent part:
 
 
 12
 That when any bankrupt . . . shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors . . . otherwise the policy shall pass to the trustee as assets: . . . .
 
 
 13
 Pursuant to § 6 of the Bankruptcy Act, 11 U.S.C. § 24, Bankruptcy Judge Moriarty found that a portion of the life insurance policies of Samuel Brostoff were exempt from his creditors under California Code of Civil Procedure 690.9.[2] The Bankruptcy Judge held that the exempt portion of the net cash surrender value was to be determined by "the proportion that $500.00 bears to the aggregate annual premiums of $2,877.71 . . . ." Trustee Michelman was to receive an amount of money from the proceeds equal to the non-exempt portion of the net cash surrender value of the two policies. Section 70(a)(5) of the Bankruptcy Act, 11 U.S.C. § 110(a)(5). The beneficiaries of the two policies were to receive the proceeds of the policies.
 
 
 14
 The district court affirmed the bankruptcy judge's decision on appeal. From that decision the trustee appeals. For the reasons stated below we affirm.
 
 
 15
 First, the trustee seeks reversal of the bankruptcy judge's decision on the theory that because the bankrupt died without his claimed exemption having been set aside by the trustee there is now no one who can properly claim it under the Bankruptcy Act.
 
 
 16
 We note that the trustee is only able to raise this argument because of his failure to comply with Rule 403(b) of the Rules of Bankruptcy Procedure. Samuel Brostoff complied with Rule 108 of the Rules of Bankruptcy Procedure, claiming on his schedule B-5 exemptions, that his two Acacia Mutual Life Insurance policies were exempt pursuant to § 690.9 of the California Code of Civil Procedure. The trustee never evaluated the bankrupt's claim of exemption in order to determine whether or not it was proper and never filed a report on the matter with the bankruptcy court. This report is required to be filed within 15 days of the trustee's appointment; § 47(a) of the Bankruptcy Act, 11 U.S.C. § 75(a); Rules of Bankruptcy Procedure 403(b); 1A Collier § 6.06, 14th ed. The result now sought by the trustee would defeat the intent of the § 690.9(a) of the California Code of Civil Procedure which exempts, regardless of who the beneficiary is, insurance policies and their proceeds from attachment or execution to the extent of insurance purchased by annual premiums not exceeding five hundred dollars.
 
 
 17
 The trustee claims that under § 8 of the Bankruptcy Act, 11 U.S.C. § 26 and Rule 403(f) of the Bankruptcy Rules of Procedure, the only persons who can seek to have the bankrupt's exemptions set aside are the bankrupt's spouse or his dependent children. The beneficiaries of the bankrupt's life insurance policies were four adult sons. Rule 403(f) does allow them to claim the bankrupt's exemptions.
 
 Rule 403(f) states in pertinent part:
 
 18
 If the bankrupt fails to claim the exemption to which he is entitled, or if he dies before his exemptions have been set apart to him, his spouse, dependent children, or Any other persons who are entitled to claim the exemptions allowable to the bankrupt, may, within such time as the court may order, file a claim for his exemption or object to the report. (Emphasis supplied).
 
 
 19
 The Advisory Committee Note to Rule 403(f) states in pertinent part:
 
 
 20
 (The rule) adopts the approach of the courts in allowing considerable flexibility in procedure to protect the bankrupt's spouse and Other beneficiaries of the exemption laws against prejudice resulting from failure of the bankrupt to make a timely application in his schedule. (Emphasis supplied).
 
 
 21
 The trustee argues that the beneficiaries of the bankrupt's life insurance policies cannot claim the exemption because they are not his Dependent children as required by Rule 403(f). The beneficiaries, however, do benefit from an exemption law, specifically § 690.9(a) of the California Code of Civil Procedure. Section 690.9(a) applies to any person who is a beneficiary of life insurance. They are, therefore, entitled to claim the exemption, not to prevent prejudice from any failure of the bankrupt to secure his right to the exemption, but to prevent prejudice resulting from the trustee's failure to file his report setting aside the bankrupt's claimed exemption.
 
 
 22
 The trustee also argues that since neither the bankrupt nor the beneficiaries now claiming the proceeds of the two Acacia life insurance policies, had offered to pay the value of the net cash surrender value of the policies to him, that title to the policies, and, therefore, to the proceeds belongs to him. The trustee's argument is incorrect. As noted above § 70(a)(5) of the Bankruptcy Act allows a bankrupt to retain his life insurance policy by paying to the trustee the value of the cash surrender value of the policy, as of the date of bankruptcy. The money is to be paid to the trustee "within thirty days after the cash surrender has been ascertained. . . ."
 
 
 23
 We note that the cash surrender value payable to the trustee was only that portion not exempt by reason of § 690.9(a) of the California Code of Civil Procedure. The trustee's own inaction made it impossible for the bankrupt (and subsequently the beneficiaries of the bankrupt's life insurance policies) to tender the non-exempt portion of the cash surrender value to the trustee. Trustee Michelman never filed his report on exemptions as required by Rule 403(f) of the Rules of Bankruptcy Procedure and, therefore, neither the bankrupt nor the defendants-appellees were ever in a position to determine what amount, if any, of the cash surrender value of the life insurance policies would be payable to the trustee under § 70(a)(5) of the Bankruptcy Act.
 
 
 24
 Furthermore, the trustee was not informed by Acacia of the cash surrender value of the life insurance policies until August 1, 1974. Within thirty days, on August 28, 1974, he had filed his complaint seeking the entire proceeds of the policies. The complaint was filed prior to the passage of the thirty days mentioned in § 70(a)(5). On the facts of this case it is clear that the trustee's actions prevented the bankrupt and the beneficiaries of the bankrupt's life insurance policies from paying the net cash surrender value of the policies to him.
 
 
 25
 In addition, the law is that the purpose of Congress in enacting § 70(a)(5) of the Bankruptcy Act was to pass to the trustee whatever amount was available to the bankrupt as cash assets to be realized on surrender of the life insurance policy, but to otherwise leave the bankrupt the benefit of his life insurance as a rehabilitative tool. Burlingham v. Crouse, 228 U.S. 459, 473, 33 S.Ct. 564, 57 L.Ed. 920 (1913); Everett v. Judson, 228 U.S. 474, 33 S.Ct. 568, 57 L.Ed. 927 (1913). In Pearl v. Goldberg, 300 F.2d 610 (2nd Cir. 1962), the court held that a trustee has title only to the cash surrender value of a life insurance policy, and then only to the extent that the state of a bankrupt's domicile does not exempt this property.
 
 
 26
 Therefore, even if the facts of this case had indicated a failure to pay the net cash surrender value of the policies to the trustee, the title which would pass to the trustee would be title to the net cash surrender value. See, also, 3 Remington §§ 1239-1240. In Everett v. Judson, supra, the court made it clear that the Bankruptcy Act sets a line of cleavage with reference to the property of the bankrupt and that, in the case of life insurance policies, the property is the cash surrender value of the policy. 228 U.S. at 479.
 
 
 27
 Finally, the trustee argues that the bankruptcy judge erred by not awarding him an amount equal to the proceeds of the portion of Samuel Brostoff's life insurance policies not exempted by California law. The trustee reasons that exemptions are left by the Bankruptcy Act to state law and therefore, he is entitled to the non-exempt proceeds. This argument misconstrues the character of § 70(a)(5) of the Bankruptcy Act. That section is not an exemption provision and does not create an exemption in addition to the state law exemptions recognized by § 6 of the Act. As noted above, the purpose of § 70(a)(5) is to allow a bankrupt to retain the benefit of his life insurance by paying to the trustee the value of it at the time of bankruptcy. The bankruptcy judge's decision correctly gave effect to § 70(a)(5).
 
 
 28
 AFFIRMED.
 
 
 
 *
 Honorable Walter E. Hoffman, Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 [1]
 Section 690.9 Exemptions; life insurance proceeds, benefits, etc.; restriction
 (a) All moneys, benefits, privileges, or immunities, accruing or in any manner growing out of any life insurance, if the annual premiums paid do not exceed five hundred dollars ($500), or if they exceed that sum a like exemption shall exist which shall bear the same proportion to the moneys, benefits, privileges, or immunities so accruing or growing out of such insurance that * * * such five hundred dollars ($500) bears to the whole annual premium paid.
 (b) In addition to the foregoing, all moneys, benefits, or privileges belonging to or inuring to the benefit of the insured's spouse or minor children growing out of life insurance purchased with annual premiums not exceeding five hundred dollars ($500), or if such annual premiums exceeded that sum, a like exemption shall exist in favor of such persons which shall bear the same proportion to the moneys, benefits, or privileges growing out of such insurance that five hundred dollars ($500) bears to the whole annual premiums paid.
 
 
 [2]
 It is apparent from § 690.9(a) and (b) of the California Code of Civil Procedure that the $500 exemption allowed must have been pursuant to subsection (a), otherwise a $1,000 exemption would have been granted, $500 for each subsection